**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN O. WILLIAMS,**

      **Petitioner,**

**v.**                                                      **Case No. 4:22cv160-WS/MAF**

**STATE OF FLORIDA,**

      **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On April 12, 2022, Petitioner John O. Williams, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He has not paid the filing fee or submitted a motion for leave to proceed in forma pauperis. *See id*.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings before the Court show the petition should be dismissed as it is an unauthorized successive petition. *See* Rule 4, R. Gov. § 2254 Cases

(authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner John O. Williams indicates he challenges his conviction entered April 9, 2008, and sentence imposed March 20, 2009, by the Second Judicial Circuit, Leon County, Florida.  ECF No. 1 at 1-2.  Williams indicates that he previously filed a § 2254 petition in federal court, assigned case number 4:14cv629-EMT/RH.  *Id*. at 6.  Indeed, a review of this Court's case management system reveals that, in that federal case, Williams challenged the same conviction and sentence he challenges in this instant petition.  *See* Williams v. State of Fla., No. 4:14cv629-RH/EMT, ECF Nos. 25 (Report and Recommendation filed Oct. 20, 1999), 29 (Supplement to Report and Recommendation).  The Court denied that § 2254 petition on the merits on August 1, 2016.  *Id*. ECF Nos. 31 (Order), 32 (Judgment).

Williams appealed to the Eleventh Circuit Court of Appeals. *See id*. ECF Nos. 35, 38.  On October 12, 2018, the Eleventh Circuit denied Williams' application for a certificate of appealability.  *Id*. ECF No. 40.  The United States Supreme Court denied certiorari on October 7, 2019.  *Id*. ECF No. 41.

Williams sought relief pursuant to Federal Rule of Civil Procedure 60(b)(6).  *Id*. ECF Nos. 42, 44.  By order on July 29, 2020, Judge Hinkle

denied the motion.   *Id*. ECF No. 45.   In that order, Judge Hinkle also

explained:

> In substance, Mr. Williams's claim in the current motion is that he is entitled to relief from the underlying state-court conviction.  So in substance, this is a second or successive § 2254 petition.  This court would have jurisdiction over the petition only if Mr. Williams had moved for and received the Eleventh Circuit's authorization to file it.  See 28 U.S.C. § 2244(b)(3) (requiring a petitioner to obtain court of appeals authorization before filing a second or successive § 2254 petition and limiting the grounds on which authorization may be granted); Gonzalez v. Crosby, 545 U.S. 524, 534 (2005) (distinguishing between a genuine Rule 60(b) motion directed to an order denying a § 2254 petition, on the one hand, and, on the other hand, a challenge to a district court's ruling on the merits of a petition, which must be treated as a claim that can be asserted only in a second or successive habeas petition).
>
> Mr. Williams has not obtained the Eleventh Circuit's authorization to proceed.  Nor has he alleged grounds on which the Eleventh Circuit could properly grant authorization.  This is precisely the kind of duplicative petition that § 2244 is intended to foreclose.

*Id*. at 2-3.

## Analysis

Petitioner Williams has not shown a jurisdictional basis for this habeas

action.   He challenges his confinement pursuant to the same state court

judgment that he challenged in his prior § 2254 petition.  "The Antiterrorisim

and Effective Death Penalty Act gives state prisoners only one opportunity

to challenge their sentence in federal court." Patterson v. Sec'y, Fla. Dep't

of Corr., 849 F.3d 1321, 1328 (11th Cir. 2017) (en banc).

This Court cannot consider a second or successive § 2254 petition

unless the Eleventh Circuit Court of Appeals has authorized its filing.  *See*

28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus]

application . . . is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to

consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding

that federal district court lacked jurisdiction to entertain § 2254 petition

because state inmate did not obtain order from Court of Appeals authorizing

him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases

("Before presenting a second or successive petition, the petitioner must

obtain an order from the appropriate court of appeals authorizing the district

court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

*See also* 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec'y, Dep't of Corr., 557

F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements

that a petitioner must meet before being allowed to assert a  claim in a

second habeas petition because of newly discovered facts about events that

occurred before the filing of the first petition are contained in § 2244(b)(2)(B)"

and "the proper procedure would be to obtain from [the Eleventh Circuit] an

order authorizing the district court to consider the second or successive petition"); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (explaining Jordan had filed pro se application in Eleventh Circuit seeking order permitting him to file successive § 2254 petition to raise claim of actual innocence based on newly discovered evidence and "[a] panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so").

Indeed, "[s]ection 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins, 557 F.3d at 1259. Nothing indicates Williams has obtained such an order from the Eleventh Circuit. Therefore, this § 2254 petition should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue in objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (ECF No. 1) be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition.**  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 20, 2022.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv160-WS/MAF